IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Mukhmoor Ahmed Javed, and** | ) | |
| **All Others Similarly Situated** | ) | Civil Action |
|     **Plaintiffs,** | ) | File No. |
| | ) | |
| **v.** | ) | |
| | ) | Jury Demanded |
| **Anil Jewanee, and Kuykendahl** | ) | |
| **Country Pines LLC** | ) | |
|     **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFF, Mukhmoor Ahmed Javed, and all others similarly situated, and complain of Defendants Anil Jewanee and Kuykendahl Country Pines LLC ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1.  This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.  This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mukhmoor Ahmed Javed ("Mr. Javed" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

### II.
### JURISDICTION AND VENUE

3.  Plaintiff, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA, a federal statute.

1

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over each Defendant because they conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES

7. **Mukhmoor Ahmed Javed**, Plaintiff, is a resident of Harris County, Texas. Plaintiff was an employee who worked as a clerk at a gas station and convenience store owned / operated / controlled by the Defendants.

8. **Members of the "Plaintiff Class"** are current and former hourly employees of Defendants who work, or worked, at one or more of Defendants' business establishments that collectively comprise an enterprise under the FLSA.

9. Defendant, **Anil Jewanee,** is an individual who may be served with summons and complaint at his residence at 15418 Seminole Canyon Drive, Sugar Land, Texas 77498-7332, or at any other address where he may be found. This Defendant owns (or owned), operates (or operated) and controls (or controlled) gasoline stations and convenience stores engaged in interstate commerce or in the production of goods for interstate commerce, including the business where Plaintiff worked ("Gas Station(s)").

## IV.
### ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

10. For purposes of this action, the "Relevant Period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

11. During the Relevant Period, Defendants and their Gas Stations have been "employers" under 29 U.S.C. § 203(d), which the Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657). The term has been interpreted to encompass one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975).

12. Defendant Anil Jewanee ("Mr. Jewanee") and his Gas Stations are an integrated enterprise. Because Mr. Jewanee acted, directly or indirectly, in the interest of each employer with respect to each employee in the Plaintiff Class, Mr. Jewanee and his Gas Stations were the employer of members of the Plaintiff Class.

13. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

## V.
### "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

14. Each Defendant was subject to the requirements of the FLSA because "enterprise" and "individual" based coverage existed during the Relevant Period.

15. Individual coverage exists because in dispensing his duties for the Defendants as a clerk at their Gas Station (i.e., including selling gasoline to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

16. Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

17. Mr. Jewanee and his Gas Stations have (or had) employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

18. In the course of owning, operating and controlling their Gas Stations, Defendant Jewanee's employees regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendant Jewanee, and his Gas Stations, are thus "engaged in commerce" and worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

19. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, Defendant Jewanee and his Gas Stations had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

20. Defendant Jewanee and his Gas Stations are an enterprise under 29 U.S.C. § 203(r)(1) because they together engaged in related activities performed under common control by the Defendant Jewanee, for a common business purpose, irrespective of the fact that such related activities are (or were) performed by one or more legal entity or business establishment.

21. Defendant Jewanee and his Gas Stations are the employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, they together employed each member of the Plaintiff Class and are deemed to have control over these employees, directly or indirectly, by reason of the fact that the Gas Stations where Plaintiff and the Plaintiff Class worked are (or were) under common control. 29 C.F.R. §791.2(b)(3).

22. Defendant Jewanee and his Gas Stations are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

23. Defendant Jewanee owns, operates and/or controls (or owned, operated and/or controlled) the Gas Stations where Plaintiff and members of the Plaintiff Class worked.

24. Defendant Jewanee possessed the authority to set wage and overtime policies affecting all clerks working or having worked at these Gas Stations, including Mr. Javed.

25. The wage and overtime policies that Defendant Jewanee devised and implemented for his Gas Stations violated the overtime pay provisions of the FLSA because Plaintiff and members of the Plaintiff Class worked overtime hours for which they received straight-time wages.

## VI.
### COLLECTIVE ACTION ALLEGATIONS

26. Mr. Javed seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

27. Further, where conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

28. As such, the class in this case includes all current and former clerks of the Gas Stations that Defendant Jewanee owned, operated and/or controlled. Plaintiff seeks notice to issue to all such employees because they collectively were victims of Defendant Jewanee's widespread and identical violations of the FLSA.

29. Defendant Jewanee has (or had) a wide-spread policy and practice of paying his employees' wages only at their straight-time hourly rates.

30. This policy and practice violated the FLSA because it allows Mr. Jewanee not to pay his employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1). The common pay policy of the Gas Stations under Mr. Jewanee's direction is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

31. Members of the Plaintiff Class have been victimized by Defendant Jewanee's ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees of the Gas Stations were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

32. Likewise, by failing to document the pay owed to Plaintiff and to members of the Plaintiff Class, Defendant Jewanee also committed repeated violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

33. Although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

34. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom Defendant Jewanee denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

35. All current and former non-exempt employees employed by Defendant Jewanee's Gas Stations, who at any time during the Relevant Period were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

36. The class that Mr. Javed seeks to represent is comprised of <u>all current and former employees 1) who worked at any Gas Station located in Texas that was owned, operated and / or controlled by Defendant Jewanee during the Relevant Period, and 2) who did not receive overtime pay for hours worked in excess of forty (40) during one or more workweek</u>.

37. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Court.

## VII.
## FACTS

38. Mr. Javed worked for the Defendants from March 1, 2018, until May 27, 2019, as a clerk at a Gas Station owned, operated and/or controlled by the Defendants. The Shell branded Gas Station is located at 19006 Kuykendahl Road, Spring, Texas 77379, and does business as "Country Pines Mart".

39. Mr. Javed performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

40. During his period of employment, Mr. Javed worked an average of 14 hours a day, seven days a week.

41. At the outset of his employment, Mr. Javed was promised pay at $12.00 per hour.

42. In fact, Mr. Javed only received $12.00 per hour, and received no overtime pay despite working well in excess of 40 hours a week.

43. Further, at all Gas Stations owned, operated and/or controlled by Defendant Jewanee, all clerks similarly received no overtime pay for hours worked in excess of 40 during each workweek.

44. Defendant Jewanee consistently failed to pay overtime wages to Mr. Javed and to all similarly situated clerks for which they now collectively sue under 29 U.S.C. § 216(b).

45. Mr. Javed seeks collective action certification in order to litigate the unpaid overtime wages of all similarly situated clerks at all Gas Stations that are / were owned, operated and/or controlled by Defendant Jewanee during the Relevant Period.

## VIII.
### CAUSE OF ACTION

### Violation of the FLSA – Failure to pay overtime wages

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47. Plaintiff Javed and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek during the Relevant Period.

48. During his employment, Mr. Javed worked overtime hours on a weekly basis at the request of Defendant Jewanee.

49. Defendant Jewanee informed Mr. Javed that he would not receive any overtime pay despite working overtime hours.

50. Defendant Jewanee indeed did not pay overtime wages to Mr. Javed or to the similarly situated non-exempt employees who worked as clerks at his Gas Stations.

51. Defendant Jewanee does not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked because there exists a practice that after paying his employees, Mr. Jewanee discards the pieces of paper on which time is recorded.

52. Defendant Jewanee also does not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned. This includes the lack of recording overtime pay because no such pay was given to Plaintiff or to members of the Plaintiff Class.

53. Because Defendant Jewanee has a wide-spread policy and practice of not paying his employees' overtime, he and his Gas Stations violated 29 U.S.C. § 201, *et seq*. These violations of the FLSA, which Mr. Jewanee committed repeatedly during each workweek of the Relevant Period, were willful violations of the FLSA as to Plaintiff and members of the Plaintiff Class.

54. As such, Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the Relevant Period.

55. Plaintiff and members of the Plaintiff Class further seek an additional equal amount as liquidated damages.

## IX.
### ATTORNEY'S FEES AND COSTS

56. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

57. Plaintiff and members of the Plaintiff Class seek to recover their attorney's fees and costs of litigation.

58. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## X.
## JURY DEMAND

59. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

## XI.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Mukhmoor Ahmed Javed respectfully requests that upon final hearing the Honorable Court grant Plaintiff and members of the Plaintiff Class relief against Defendants Anil Jewanee and Kuykendahl Country Pines LLC, and against all of Mr. Jewanee's Gas Stations, jointly and severally, as follows:

a. Authorize the issuance of notice to all similarly situated Gas Station clerks who were employed during the Relevant Period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants and their Gas Stations violated 29 U.S.C. § 207, by failing to pay Plaintiff, and members of the Plaintiff Class, overtime pay at one-and-one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period during the Relevant Period;

c. Declare that the violations of the FLSA Defendants and their Gas Stations committed are willful;

d. Order Defendants and their Gas Stations to pay liquidated damages to Plaintiff, and to members of the Plaintiff Class, in an amount equal to the unpaid overtime wages;

e. Order Defendants and their Gas Stations to pay all reasonable attorney's fees and costs of the action as allowed under 29 U.S.C. §216(b);

f. Order Defendants and their Gas Stations to pay all post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against them; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be appropriate to effectuate full relief to Plaintiff and members of the Plaintiff Class under the remedial directives of the FLSA.

>
> Respectfully submitted,
>
> **ALI S. AHMED, P.C.**
>
> By: <u>*/s/ Salar Ali Ahmed*</u>
> **Salar Ali Ahmed**
> Federal Id. No. 32323
> State Bar No. 24000342
> 430 W. Bell Street
> Houston, Texas 77019
> Telephone: (713) 898-0982
> Facsimile: (713) 255-0013
> aahmedlaw@gmail.com
>
> **Attorney for Plaintiff Mukhmoor Ahmed Javed and Members of the Plaintiff Class**