IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Mukhmoor Ahmed Javed, and | ) | |
| All Others Similarly Situated | ) | Civil Action |
|   Plaintiffs, | ) | File No. 4:19-cv-04232 |
| | ) | |
| v. | ) | |
| | ) | |
| Anil Jewanee, and Kuykendahl | ) | Jury Demanded |
| Country Pines LLC | ) | |
|   Defendant. | ) | |
| | ) | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

NOW COMES PLAINTIFF, Mukhmoor Ahmed Javed, and complains of Defendants Anil Jewanee, Kuykendahl Country Pines LLC, Munir K. Khalil and Siham M. Khalil ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
### INTRODUCTION

1. This action seeks to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mukhmoor Ahmed Javed ("Mr. Javed" or "Plaintiff") in the course of his employment with the Defendants.

1

## II.
## JURISDICTION AND VENUE

3. This civil action seeks recovery of unpaid overtime compensation from the Defendants pursuant to the FLSA, a federal statute.

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over each Defendant because each conducts business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Mukhmoor Ahmed Javed**, Plaintiff, is a resident of Harris County, Texas. Plaintiff was an employee who worked as a clerk at a gas station and convenience store owned / operated / controlled by the Defendants.

8. Defendant, **Anil Jewanee,** may be served with summons and complaint at his residence at 15418 Seminole Canyon Drive, Sugar Land, Texas 77498-7332, or at any other address where he may be found. This Defendant owns (or owned), operates (or operated) and controls (or controlled) gasoline stations and convenience stores engaged in interstate commerce or in the production of goods for interstate commerce, including the business where Plaintiff worked ("Gas Station(s)").

9. Defendant, **Kuykendahl Country Pines LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, **Mr. Anil Jewanee,** at the designated address of the registered agent's office at 15418 Seminole Canyon Drive, Sugar Land, Texas 77498-7332, or at any other address where he may be found. This Defendant owns (or owned), operates (or operated) and controls (or controlled) one or more Gas Stations engaged in interstate commerce or in the production of goods for interstate commerce, including the Gas Station where Plaintiff worked.

10. Defendant, **Munir K. Khalil,** may be served with summons and complaint at his residence at 15418 Seminole Canyon Drive, Sugar Land, Texas 77498-7332. This Defendant owns (or owned), operates (or operated) and/or controls (or controlled) gasoline stations and convenience stores engaged in interstate commerce or in the production of goods for interstate commerce, including the Gas Station where Plaintiff worked.

11. Defendant, **Siham M. Khalil,** may be served with summons and complaint at his residence at 15418 Seminole Canyon Drive, Sugar Land, Texas 77498-7332. This Defendant owns (or owned), operates (or operated) and/or controls (or controlled) gasoline stations and convenience stores engaged in interstate commerce or in the production of goods for interstate commerce, including the Gas Station(s) where Plaintiff worked.

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

12. For purposes of this action, the "Relevant Period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

13. During the Relevant Period, Defendants and their Gas Stations have been "employers" under 29 U.S.C. § 203(d), which the Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657). The term has been interpreted to encompass one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975).

14. Defendant Anil Jewanee ("Mr. Jewanee") and his Gas Stations are an integrated enterprise. Because Mr. Jewanee acted, directly or indirectly, in the interest of each employer with respect the Plaintiff, Mr. Jewanee and his Gas Stations were Plaintiff's employer.

15. Defendant Munir K. Khalil and his Gas Stations are an integrated enterprise. Because Mr. Munir K. Khalil acted, directly or indirectly, in the interest of each employer with respect to the Plaintiff, Mr. Munir K. Khalil and his Gas

Stations were Plaintiff's employer.

16. Defendant Siham M. Khalil and his Gas Stations are an integrated enterprise. Because Mr. Siham M. Khalil acted, directly or indirectly, in the interest of each employer with respect to the Plaintiff, Mr. Siham M. Khalil and his Gas Stations were Plaintiff's employer.

17. At all material times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

## V.
### "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

18. Each Defendant was subject to the FLSA because "enterprise" and "individual" based coverage existed during the Relevant Period.

19. Individual coverage exists because in dispensing his duties for the Defendants as a clerk at their Gas Station (i.e., including selling gasoline to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

20. Defendants' enterprise satisfies 29 U.S.C. §203(s)(1)(A).

21. Mr. Jewanee (and the other individual Defendants) and their Gas Stations have (or had) employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

22. In the course of owning, operating and controlling their Gas Stations, Defendant Jewanee's (and the other individual Defendants') employees regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). The three individual Defendants and their Gas Stations are thus "engaged in commerce" and worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

23. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, Defendants had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

24. Defendants are an enterprise under 29 U.S.C. § 203(r)(1) because they together engaged in related activities performed under common control by the individual Defendants, for a common business purpose, irrespective of the fact that such related activities are (or were) performed by one or more legal entity or business establishment.

25. The individual Defendants and their Gas Stations are the employer for purposes of this civil action. 29 C.F.R. § 791.2(b). In particular, they together employed the Plaintiff and are deemed to have control over him, directly or

indirectly, by reason of the fact that the Gas Station where Plaintiff worked is (or was) under common control. 29 C.F.R. § 791.2(b)(3).

26. The individual Defendants and their Gas Stations are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

27. The individual Defendants own, operate and/or control (or owned, operated and/or controlled) the Gas Stations, including the Gas Station where Plaintiff worked.

28. The individual Defendants possessed the authority to set wage and overtime policies affecting all clerks working or having worked at these Gas Stations, including Mr. Javed.

29. The wage and overtime policies that the Defendants devised and implemented for their Gas Stations violated the overtime pay provisions of the FLSA because Plaintiff and his co-workers worked weekly overtime hours for which they received straight-time wages.

## VI.
## COLLECTIVE ACTION ALLEGATIONS WAIVED

30. Although initially filed as a collective action, Mr. Javed no longer seeks certification of this case pursuant to 29 U.S.C. § 216(b).

## VII.
### FACTS

31. Mr. Javed worked for the Defendants from September 1, 2018, until May 27, 2019, as a clerk at a Gas Station. This Shell branded Gas Station is located at 19006 Kuykendahl Road, Spring, Texas 77379, and does business as "Country Pines Mart".

32. Mr. Javed performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

33. During the period of his employment, Mr. Javed worked an average of 14 hours a day, seven days a week.

34. At the outset of his employment, Mr. Javed was promised pay at $12.00 per hour.

35. In fact, Mr. Javed only received $12.00 per hour, and received no overtime pay despite working well in excess of 40 hours a week.

36. The individual Defendants consistently failed to pay overtime wages to Mr. Javed, for which he now sues as allowed by the FLSA.

## VIII.
### CAUSE OF ACTION

### Violation of the FLSA – Failure to pay overtime wages

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

38. Mr. Javed is a non-exempt employee – that is, he is entitled to receive overtime wages under the FLSA for all hours he worked in excess of 40 during each seven-day workweek during the Relevant Period.

39. During his employment, Mr. Javed worked overtime hours on a weekly basis at the request of the individual Defendants.

40. The individual Defendants informed Mr. Javed that he would not receive any overtime pay despite working overtime hours.

41. The individual Defendants indeed did not pay Mr. Javed overtime wages during any part of the Relevant Period.

42. The individual Defendants do not possess contemporaneous, complete and accurate records of the number of hours Plaintiff worked on a weekly basis.

43. The individual Defendants also do not possess contemporaneous, complete and accurate records of the wages Plaintiff earned. This includes the lack of recording overtime pay because no such pay was given to Plaintiff.

44. Because the individual Defendants have a wide-spread policy and practice of not paying their employees' overtime, the Gas Stations violated 29 U.S.C. § 201, *et seq*. These FLSA violations, which the individual Defendants committed repeatedly during each workweek of the Relevant Period, were willful violations of the FLSA.

45. As such, Plaintiff sues for all unpaid overtime wages falling within the Relevant Period.

46. Plaintiff seeks an additional equal amount as liquidated damages.

## IX.
### ATTORNEY'S FEES AND COSTS

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. Plaintiff seeks to recover his attorney's fees and costs of litigation.

49. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## X.
### JURY DEMAND

50. Plaintiff demands a jury trial on all issues that may be tried to a jury.

## XI.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Mukhmoor Ahmed Javed respectfully requests that upon final hearing the Honorable Court grant Plaintiff relief against Defendants Anil Jewanee, Kuykendahl Country Pines LLC, Munir K. Khalil and Siham M. Khalil, and against all of their Gas Stations, jointly and severally, as follows:

a. Declare the Defendants and the Gas Stations violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime at one-and-one half times his regular hourly base rate for all hours worked in excess of 40 during each seven-day work period during the Relevant Period;

b. Declare the violations of the FLSA Defendants and their Gas Stations committed are willful;

c. Order Defendants and their Gas Stations to pay liquidated damages to Plaintiff in an amount equal to the unpaid overtime wages;

d. Order Defendants and their Gas Stations to pay all reasonable attorney's fees and costs of the action pursuant to 29 U.S.C. §216(b);

e. Order Defendants and their Gas Stations to pay all post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against them; and,

f. Order all further relief, whether legal, equitable or injunctive, as may be appropriate to effectuate full relief to Plaintiff under the remedial directives of the FLSA.

> Respectfully submitted,
> **ALI S. AHMED, P.C.**
>
> By: */s/ Salar Ali Ahmed*
> **Salar Ali Ahmed**
> Federal Id. No. 32323
> State Bar No. 24000342
> 430 W. Bell Street
> Houston, Texas 77019
> Telephone: (713) 898-0982
> Email: aahmedlaw@gmail.com
>
> **Attorney for Plaintiff**
> **Mukhmoor Ahmed Javed**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to the Defendants' counsel on August 20, 2020, as follows:

> *(Via E-mail to g@mirilawfirm.com)*
> Ms. Ghizal Miri
> Miri & Associates, P.C.
> 3730 Kirby Drive, Suite 777
> Houston, Texas 77098

> /s/ *Salar Ali Ahmed*
> Salar Ali Ahmed